IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAMES M. SAYLOR,

    Petitioner,

vs.

JEFF WOOTEN,

    Respondent.

8:17CV442

MEMORANDUM AND ORDER

  This matter is before the court on preliminary review of Petitioner James M. Saylor's Petition for Writ of Habeas Corpus (Filing No. 1), as well as Saylor's Motion to Amend (Filing No. 2), Motion for Appointment of Counsel (Filing No. 3), Motion to Permit Non-Conforming Petition or to Grant Extension (Filing No. 4), and Motion for Copies (Filing No. 11). The court will address the petition and each motion in turn.

## PRELIMINARY REVIEW

  The court must conduct an initial review of Petitioner James M. Saylor's Petition for Writ of Habeas Corpus (Filing No. 1) to determine whether his claims are potentially cognizable in federal court. A habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

  Here, Saylor acknowledges that he did not use the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody. Saylor has filed a Motion to Amend (Filing No. 2) and a Motion to Permit Non-Conforming Petition or to Grant Extension (Filing No. 4), in which Saylor explains that he "was unaware that

the petition for a writ of habeas corpus needed to be filed on November 9, 2017, . . . until basically four days before the deadline." ([Filing No. 2 at CM/ECF p.1](#).) Saylor states that he did not have the proper forms nor adequate time to properly prepare his habeas petition before having to send the petition to the court for filing by the November 9th deadline. (*Id*.) Saylor, thus, asks the court for leave to file an amended habeas petition. ([Filing No. 2](#); [Filing No. 4](#).)

Because Saylor's petition is insufficient, the court will not act upon it. However, the court will grant Saylor's request for additional time to amend his petition. ([Filing No. 2](#); [Filing No. 4](#).) Saylor shall have an additional 30 days in which to file an amended petition for writ of habeas corpus.

### MOTION FOR APPOINTMENT OF COUNSEL

Saylor has also filed a Motion for Appointment of Counsel. ([Filing No. 3](#)). "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *[McCall v. Benson](#)*, [114 F.3d 754, 756 (8th Cir. 1997)](#). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *[Morris v. Dormire](#)*, [217 F.3d 556, 558-59 (8th Cir. 2000)](#), cert. denied, [531 U.S. 984 (2000)](#); *[Hoggard v. Purkett](#)*, [29 F.3d 469, 471 (8th Cir. 1994)](#). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

In the event the court does not appoint counsel, Saylor asks the court for an attorney referral as he could afford to pay "a reasonable fee." ([Filing No. 3 at CM/ECF p.1](#).) The court will not make a specific referral but will inform Saylor that persons in need of assistance from a lawyer may contact the Nebraska State Bar Association's lawyer referral service. The service is at 635 South 14th Street, P.O. Box 81809, Lincoln, Nebraska 68501-1809. The telephone number is (402) 475-7091 ext. 132, and the fax number is (402) 475-7098.

## MOTION FOR COPIES

Saylor also asks the court to send him "copies of all documents currently in the court file or elsewhere at the court, along with the additional documents before the Court as a result of Petitioner's latest filings, and that such be provided free of charge." ([Filing No. 11](#).) This court's local rules provide, in relevant part:

> **(f) Official Record**. The clerk does not maintain a paper court file in any case unless required by law or local rule. When a document is filed electronically, the official record is the electronic recording of the document as stored by the court, and the filing party is bound by the document as filed.
>
> **(1) Documents Filed Nonelectronically**. The official record also includes documents filed nonelectronically under local rule.
>
> **(2) Original Documents Scanned and Discarded**. The clerk scans and discards original documents brought to the clerk for filing unless the document's size or nature requires that it be kept in a paper format. An attorney who wishes to have an original document returned after the clerk scans and uploads it to the System may, before submitting the document to the clerk, ask the assigned judge for written authorization for the

> document's return. Authorization is granted on a case-by-case basis. The court does not allow blanket authorizations for the return of all original documents filed by an attorney or office.
>
> **(3) Copies of Filings**. A party who requests a copy of a paper document submitted for filing must, at the time of filing, supply the clerk's office with the copy and, if the return is to be made by mail, a self-addressed, stamped envelope.

NECivR 5.1(f).

Here, Saylor did not ask the undersigned judge for the return of his original documents prior to submitting them to the clerk's office for filing. In addition, Saylor did not provide a self-addressed, stamped envelope for the return of his original documents. In addition, Saylor did not submit payment for the cost of making copies, and he does not have the right to receive copies of documents without payment, even if the court granted him leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1) (providing that a court may authorize the commencement of a suit "without prepayment of *fees or security therefor*") (emphasis added). If Saylor requires copies of court documents, he should contact this court's clerk's office to determine the proper method for requesting and paying for copies.

IT IS THEREFORE ORDERED that:

1. Saylor's Motion to Amend (Filing No. 2) and Motion to Permit Non-Conforming Petition or to Grant Extension (Filing No. 4) are granted to the extent consistent with this Memorandum and Order. Saylor is directed to file an amended petition for writ of habeas corpus within 30 days in accordance with this

Memorandum and Order. Failure to comply with this Memorandum and Order will result in dismissal of this matter without further notice.

2. The clerk of the court is directed to send to Saylor the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

3. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: January 26, 2018: Check for amended petition.

4. Saylor's Motion for Appointment of Counsel ([Filing No. 3](Filing No. 3)) and Motion for Copies ([Filing No. 11](Filing No. 11)) are denied.

Dated this 26th day of December, 2017.

                                    BY THE COURT:

                                    s/ *Richard G. Kopf*
                                    Senior United States District Judge